FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L
2001 DEC 10  AM 11:39
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * | CIVIL ACTION   00-2841 |
| | * | SECTION "L" |
| VERSUS | | JUDGE FALLON |
| | * | |
| GALLIANO MARINE SERVICE, L.L.C. d/b/a EDISON CHOUEST OFFSHORE, INC. | * | MAG. DIV. 5 MAGISTRATE JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \*

### CONSENT DECREE

On September 22, 2000, the Equal Employment Opportunity Commission ("the Commission") instituted Civil Action Number 00-2841 in the United States District Court for the Eastern District of Louisiana ("the lawsuit"), charging defendant, Galliano Marine Service, L.L.C. ("Galliano"), with violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), alleging that Susan Duplessis Powell was subjected to a discriminatory and/or sexually hostile work environment by Galliano through the actions of Captain Alan Belisle and certain crew members aboard the defendant's vessel, M/V EDDIE CHOUEST.

NO 99225705 2

-1-

DATE OF ENTRY
DEC 1 0 2001

On October 16, 2000, John DeRussy ("DeRussy") intervened into the Commission's lawsuit. On November 22, 2000, Susan Duplesis Powell ("Powell") also intervened into the Commission's lawsuit.

The Commission and Galliano now desire to resolve all claims and controversies encompassed by the Commission's lawsuit without the burden, expense or delay of further litigation, subject, however, to the approval of this Honorable Court.

**THEREFORE, IT IS HEREBY AGREED BETWEEN THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND GALLIANO MARINE SERVICE, L.L.C., AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has subject matter jurisdiction over the claims asserted in this lawsuit, and personal jurisdiction over the parties to this lawsuit.

2. The purposes of Title VII will be furthered by the entry of this Consent Decree, the terms of which constitute a fair and equitable settlement of the Commission's lawsuit.

3. The negotiation, execution and entry of this Consent Decree will resolve any and all claims of the Title VII violations brought by the Commission against Galliano, arising out of EEOC Charge Number 270991038 and the Commission's lawsuit, Civil Action Number 00-2841.

4. Neither the negotiation, execution nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Galliano that its directors, officers, agents and employees or former directors, officers, agents and employees have violated or have not been in compliance with Title VII or with any other applicable law, regulation or order.

5. This Consent Decree relates only to the alleged violations of Title VII raised in Commission Charge Number 270991038 and by the Commission's lawsuit. It is expressly acknowledged and agreed by the Commission and Galliano that this Consent Decree does not relate to or purport to settle any other Commission charges that may be pending or may be filed against

-3-

Galliano by any person other than Powell. Further, this Consent Decree does not relate to or purport to settle any individual claims of Powell for monetary damages as Plaintiff-Intervenor in Civil Action Number 00-2841.

6. In that Powell has intervened into Civil Action Number 00-2841, all monetary and individual relief obtained by Powell against Galliano in that action shall be incorporated by reference into this Consent Decree between the Commission and Galliano as constituting any relief that the Commission would seek on her behalf arising out of any and all sexual harassment or workplace discrimination claims raised by EEOC Charge Number 270991038 and the Commission's lawsuit.

7. In that DeRussy has intervened into Civil Action Number 00-2841, all monetary and individual relief obtained by DeRussy shall be incorporated by reference into this agreement.

8. Galliano, its directors, officers, agents, employees and successors and assigns do not and shall not condone or allow sexual harassment or a sexually hostile environment in the workplace.

9. Within thirty (30) working days after the entry of the Consent Decree, Galliano shall post conspicuously at its main office in Galliano, Louisiana, a copy of a notice detailing Galliano's policy and prohibitions against discrimination and workplace harassment, and stating that employees who believe that they have been subjected to a violation of Galliano's policy by a member of management or a co-employee have the right to contact the Commission to seek information or to file a charge of discrimination, in addition to any internal administrative remedies they may have by virtue of their employment with Galliano. This notice will be posted for two years after entry of this Consent Decree.

10. Galliano will provide the Commission with copies of its revised written policies against harassment and discrimination in the workplace which will include a procedure for

employees to report their harassment or other discrimination complaints, including designated individuals to receive such complaints on land and at sea and telephone numbers where complaining employees can lodge such complaints and which shall incorporate the provisions of paragraphs 11(a)-(c) of this Consent Decree, and has certified to the Commission, through its counsel, that the requirements of paragraph 14 of this Consent Decree will be effectuated.

11. In order to address the issue of employees making complaints of harassment or discrimination while aboard vessels at sea, Galliano agrees as follows:

(a) Galliano will revise its workplace harassment and discrimination policies to provide procedures for anyone who wants to make a complaint while the vessel is at sea. Such procedures shall allow individuals to complain directly to the Captain of the vessel. The Captain will record the Complaint in writing and shall communicate within 24 hours to the designated person the nature of the complaint and shall report, investigate and respond to the complaint to the best of his ability under the circumstances. As soon as reasonably possible under the circumstances, but no later than 24 hours from the time that the complaint is reported to the Captain, the Captain shall provide the complaining employee with access to the vessel's particular communication device used to communicate with Galliano, so that the complaining employee may confidentially contact Galliano's designated person or persons to receive the harassment or other discrimination complaint.

(b) If the Captain is the person or one of the persons accused of the harassment/discrimination, the second Captain will be the designated recipient of the employee's complaint and will follow the procedures designated in paragraph 11(a) above.

(c) If the second Captain and/or the Captain are the person(s) accused of the harassment/discrimination, the chief mate, or third in command, will be the designated recipient of the complaint and will follow the procedures designated in paragraph 11(a) above.

(d) The designated individual who receives the complaint in paragraph 11(a)-(c) above, shall provide protection to the complaining employee, which may include providing that employee transportation from the vessel where practicable under the circumstances.

(e) Galliano will further respond to employee harassment/discrimination complaints that were made while a vessel is at sea by continuing the investigation into the complaint(s) and if a violation is found, ensuring that appropriate, corrective action is taken in response to the complaint(s) upon the vessel's return to home port.

(f) Galliano will train all of its managers, Captains, Relief Captains, Mates, and others supervisors and all employees who work as crew members aboard its vessels based in Port Fourchon, Louisiana on the procedures described in paragraph 11(a) above. The format of the training shall be at Galliano's discretion.

12. Galliano shall train all of its managerial and non-managerial employees who work at the company's main office in Galliano, Louisiana and/or who work aboard vessels based in Port Fourchon, Louisiana, including Captains, Relief Captains, Mates and other vessel crew members on equal employment opportunity practices at least once per year during the effective period of this Decree. Each training session shall include a presentation about Galliano's workplace harassment and discrimination policies and complaint reporting procedures. Written evidence of the completed training described in this sub-paragraph shall be submitted to the EEOC in two annual reports to its Regional Attorney during the term of this Decree.

13. Galliano shall provide to all new employees copies of its revised workplace harassment and discrimination policy. Galliano will also post the policy and make copies of the policy available to all existing employees. In addition, Galliano will make additional training on the policy available to any employee who desires it.

14. Within thirty (30) working days from entry of this Consent Decree, Galliano shall implement and post the revised policies and procedures, which are described in paragraphs 11 and 12 above, in conspicuous places throughout its Galliano, Louisiana facilities, including its personnel department offices and all employee lunchrooms, lounges and break rooms. As soon as practicable, but in no event more than six (6) months from entry of this Consent Decree, Galliano shall post the revised policies and procedures, which are described in paragraphs 11 and 12 above, in its quarterly newsletter and in conspicuous places in all of its vessels where it has posted similar notices. Prior to or at the time that Galliano first implements and posts these revised policies and procedures, it shall provide a copy thereof to the Commission through its Regional Attorney in accordance with paragraph 10 of this Consent Decree.

15. Galliano shall comply with the prohibition against discriminatory retaliation provisions under Title VII. Galliano specifically shall not retaliate against any present or former employee who was a party to or a witness in the Commission's lawsuit, Civil Action Number 00-2841, or in the Commission's administrative proceeding for Commission Charge Number 270991032, including but not limited to, providing adverse job references to prospective employers, employment agencies or credit reporting agencies or by taking any adverse employment action with respect to such individual affecting his or her pay, benefits, rights, or status as an employee or former employee of Galliano.

16. If the Commission elects to issue a press release(s) concerning the settlement of this litigation, it/they shall be in the identical form and wording of Exhibit "A" to this Consent Decree.

17. This Consent Decree shall remain in force for two (2) years from the date of entry of this Consent Decree.

18. In the event that Galliano fails to perform any of its obligations herein, then EEOC is empowered to enforce this Consent Decree through the applicable judicial enforcement procedures and to seek whatever legal relief that may be due as a result of the need to enforce this Consent Decree.

19. Should any provision of this Consent Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Consent Decree.

20. This Consent Decree sets forth the entire agreement between the Commission and Galliano, and it fully supersedes any and all prior agreements or understandings between the Commission and Galliano pertaining to the subject matter herein.

21. The Commission and Galliano will each bear their own attorney's fees and costs incurred in connection with the litigation of the Commission's lawsuit.

22. This Court shall retain jurisdiction over this action for the purpose of enforcing or modifying this Consent Decree, if necessary.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this ___7th___ day of ___December___.

_____
UNITED STATES DISTRICT JUDGE

RESPECTFULLY SUBMITTED BY CONSENT OF
THE PARTIES THROUGH THEIR RESPECTIVE
UNDERSIGNED COUNSEL:

GWENDOLYN YOUNG REAMS
Associate General Counsel
No Bar Roll Number

_____
KEITH T. HILL
Regional Attorney
E.D. Bar Roll Number 15200000

_____
MICHELLE T. BUTLER
Supervisory Trial Attorney
E.D. Bar Roll Number 1286

_____
N. ELEANOR GRAHAM
Senior Trial Attorney
E.D. Bar Roll no. 16946
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA 70113
Telephone:    (504) 589-6922
              (504) 589-6817
Facsimile:    (504) 589-2805

ATTORNEYS FOR PLAINTIFF EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

AND

PHELPS DUNBAR LLP

*Robert P. McCleskey, Jr.*
ROBERT P. McCLESKEY, JR., T.A. (#9151)
M. NAN ALESSANDRA (#16783)
DAVID M. KORN (#21676)
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

ATTORNEYS FOR DEFENDANT,
GALLIANO MARINE SERVICE, L.L.C.

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of December, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by hand delivery and/or by United States mail, properly addressed and postage pre-paid.

Exhibit "A"

FOR IMMEDIATE RELEASE  CONTACT: Keith Hill
[DATE]                           Regional Attorney
                                 (504) 589-6817
                                 TTY (504) 589-2958

## EEOC SETTLEMENT WITH GALLIANO MARINE SERVICE STRENGTHENS ANTI-SEXUAL HARASSMENT PROTECTIONS

NEW ORLEANS -- The U.S. Equal Employment Opportunity Commission (EEOC) today announced that it has entered into a Consent Decree with Louisiana-based Galliano Marine Service. L.L.C., that settles a sexual harassment lawsuit filed by a female employee of the company who alleged she was sexually harassed while at sea.

The terms of the settlement, EEOC believes, establish the international maritime transportation service as the first such business in the region to set policies for ensuring responsive sexual harassment reporting for employees working aboard vessels at sea.

The new procedures will allow employees at sea to register a complaint through the vessel's designated chain of command, and to be provided access to communication with the company's main office to ensure prompt investigation and any appropriate action.

The Consent Decree, approved by a federal judge in the Eastern District of Louisiana, stemmed from a suit filed by a cook aboard a vessel operated by Galliano. The employee charged that she was subjected to sexual harassment of various forms during the course of the ship's transport of oil equipment in the Caribbean.

"We are pleased at this favorable result of new protections for employees in international waters," said EEOC New Orleans Regional Attorney Keith Hill, "and we hope this arrangement will serve as a model for similar companies."

The employee's suit was filed under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.

- more -

**EEOC REACHES SETTLEMENT WITH GALLIANO – Page 2**

The EEOC also enforces the Age Discrimination in Employment Act; the Equal Pay Act; Title I of the Americans with Disabilities Act, which prohibits employment discrimination against individuals with disabilities in the private sector and state and local governments; prohibitions against discrimination affecting individuals with disabilities in the federal government; and sections of the Civil Rights Act of 1991. Further information about the Commission is available on the agency's Web site at www.eeoc.gov.

###